# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**ROY DERKSEN,**

        Plaintiff,

  v.                                        Case No. 05-C-897

**FOND DU LAC COUNTY,**

        Defendant.

## DECISION AND ORDER

The *pro se* plaintiff, Roy Derksen ("Derksen"), filed this action against Fond du Lac County (the "County"), alleging various federal violations. The County filed a motion for summary judgment, which the Court will grant for the following reasons.[1]

## BACKGROUND

Derksen is the trustee of a parcel of land known as the Wild Oaks Homestead Family Trust (the "Property"). The Property is subject to the provisions of the Wisconsin Administrative Code and Fond du Lac County ordinances, which require the maintenance, inspection, and service of its private onsite wastewater treatment system. Specifically,

---

[1] Derksen also filed a motion to strike the affidavit of Daniel Hanks because it "contains no sworn statement that he is qualified and authorized to write an affidavit for the county." Yet, Hanks's affidavit was properly notarized and sworn to be true based on his experience as Assistant Code Enforcement Officer of Fond du Lac County. Derksen also claims that portions of Hanks's affidavit recite his legal opinion, but that is not true. He simply states the content of the laws and regulations relevant to this suit. Derksen's motion to strike, therefore, is denied.

Wisconsin Administrative Code Comm 83.54(4)(d) requires that the Property be visually inspected at least every three years to determine if any wastewater or effluent is "ponding" on the surface of the ground.

On March 11, 2003, the County issued a municipal citation against Derksen for failure to inspect and/or to pump the septic tank located on the Property. The circuit court scheduled a pretrial conference for May 14, 2003, but Derksen failed to appear. Accordingly, the circuit court issued default judgment against him.

On July 25, 2003, Derksen filed a notice of appeal to the Wisconsin Court of Appeals pertaining to the default judgment that was previously entered against him. The Wisconsin Court of Appeals affirmed the circuit court's decision.

On October 15, 2004, the County mailed a form to Derksen requiring that a dispersal component inspection, tank inspection, and a three-year pumping of the private onsite wastewater treatment system be completed. Claiming that after several notices the Property remained in noncompliance, on April 12, 2005, the County issued a citation seeking a monetary forfeiture. However, prior to the trial, Derksen complied in all respects with the provisions of the County ordinance. Accordingly, the County moved to dismiss the citation, which the circuit court granted.

Derksen then filed this action challenging the County's authority to impose requirements on the Property regarding the operation and maintenance of the septic tank.

2

**DISCUSSION**

Summary judgment is proper if the pleadings, depositions, answers to interrogatories, and admission on file, together with any affidavits, establish that there exists no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. *See* Fed. R. Civ. P. 56. Derksen's complaint plainly is without merit and the County's motion for summary judgment must be granted.

Derksen claims that the County's regulations and requirements regarding his septic system subjects him to "involuntary servitude" in violation of the Thirteenth Amendment. The phrase "involuntary servitude" refers to situations in which the alleged victim is compelled to work by law. *See United States v. Kozminski*, 487 U.S. 931, 942 (1988). While the ordinance in question requires that Derksen have his septic system certified by a qualified individual, it does not impose any work responsibilities on his part. Indeed, the ordinance is akin to building code requirements that can be found in every municipality in the United States that require a landowner to have his plumbing and electrical wiring comply with various codes and regulations. His allegation that he is a victim of a Thirteenth Amendment violation, therefore, is meritless.

Derksen, though, makes another novel argument. He alleges that the federal government initially conveyed the Property to a private person via a land patent, which was then passed onto subsequent landowners. He presumes that the federal government also conveyed its plenary authority over the Property to the subsequent landowners as well.

3

Relying on that presumption, Derksen claims that the Wisconsin Enabling Act, which authorized the people of Wisconsin in 1846 to form a constitution and state government, did not transfer to Wisconsin any interest or authority over the Property. As a result, Derksen concludes that the County does not have authority to require Derksen to have his septic system inspected and maintained.

Derksen is wrong. Pursuant to the Wisconsin Enabling Act, "Wisconsin became a state and a government elected by the people of Wisconsin [and] was vested with all of the same powers possessed by the government of the original thirteen states." *State of Wisconsin v. Baker*, 698 F.2d 1323, 1333 (7th Cir. 1983). The state of Wisconsin possesses police power to regulate for the health, safety, and welfare of its citizens, and that power includes authority to pass reasonable regulations pertaining to private land use. *See, e.g., Goldblatt v. Town of Hempstead, N.Y.*, 369 U.S. 590 (1962) (holding that a town ordinance regulating dredging and pit excavating was a valid police regulation).

Derksen also alleges that the County's regulation is an impermissible regulatory taking in violation of the Fifth Amendment. A regulatory taking only occurs when the regulation completely derives an owner of all economic use of the property. *See Lingle v. Chevron*, 544 U.S. 528, 538 (2005). Derksen offers no evidence, nor does he even allege, that he was denied all economic use of his property, so his Fifth Amendment argument must likewise be rejected.

4

In addition, Derksen claims that the County violated 18 U.S.C. §§ 241, 242, and 1951. These are criminal statutes that create no private right of action. *See Lerch v. Boyer*, 929 F. Supp. 319, 322 (N.D. Ind. 1996); *Bajorat v. Columbia-Beckenridge Development Co.*, 944 F. Supp. 1371, 1377-78 (N.D. Ill. 1996).

Derksen also averred in his complaint that the County violated the Patent Infringement Act, but he does not offer any evidence demonstrating how the County possibly violated that statute. Accordingly, the Court will grant summary judgment as to that claim as well.

Finally, Derksen alleges that the County is liable under the "Clearfield Doctrine." The *Clearfield* doctrine originated in *Clearfield Trust Co. v. United States*, 318 U.S. 363 (1943), which arose out of a case involving a forged government check. The question in that case was whether state law or federal common law applied. The Supreme Court held that federal common law applied. *Id.* at 364. *Clearfield* clearly is not relevant here. Derksen does not cite any federal law that should control over the County's ordinance regarding the inspection and maintenance of his septic system. His claim based on the *Clearfield* doctrine, therefore, likewise must be dismissed.

**NOW, THEREFORE, BASED ON THE FOREGOING, IT IS HEREBY ORDERED THAT**:

> The County's Motion for Summary Judgment (Docket No. 36) is **GRANTED**.
>
> Derksen's Motion to Strike (Docket No. 49) is **DENIED**.
>
> The clerk is directed to enter judgment and close this case accordingly.

5

Dated at Milwaukee, Wisconsin this 14th day of August, 2007.

**BY THE COURT**

s/ Rudolph T. Randa
**Hon. Rudolph T. Randa**
**Chief Judge**